```
                                                           FILED
         UNITED STATES DISTRICT COURT
        NORTHERN DISTRICT OF ALABAMA                    03 NOV -6  AM 9:58
            NORTHEASTERN DIVISION
                                                        U.S. DISTRICT COURT
                                                         N.D. OF ALABAMA
```

CHARLOTTE V. CARTER, )
)
    Plaintiff, )
)
vs. )   Civil Action No. CV-03-S-2849-NE
)
MANAGEMENT RESOURCES )   ENTERED
COMPANY, LLC, d/b/a TACO BELL )
RESTAURANT, )       -6 2003
)
    Defendant. )

## MEMORANDUM OPINION

This action originally was filed in the Circuit Court of Madison County, Alabama, on September 29, 2003. Defendant removed the action to this court on October 21, 2003, on the basis of 28 U.S.C. § 1332, contending that the citizenship of the parties is diverse, and that the amount in controversy exceeds the jurisdictional amount of $75,000. Upon review of the state court complaint and the notice of removal, the court is not convinced that the removal was proper.

Plaintiff asserts three claims in her state court complaint: the first premised upon the Alabama Extended Manufacturers Liability Doctrine; the second for breach of warranty; and the third for negligence. These claims arise from an allegedly defective taco or burrito consumed by plaintiff at a Taco Bell restaurant. Plaintiff contends that she suffered from food poisoning, including dehydration, nausea, cramps, and severe diarrhea. She asserts that she incurred medical expenses, and suffered physical pain, mental anguish and emotional distress due to her injuries. With respect to damages sought, each count of plaintiff's



complaint concludes with the following statement: "[w]herefore, Plaintiff demands judgment against the Defendant in excess of the jurisdictional limits of this Court, plus all costs of court, and any further relief to which the Plaintiffs [sic] are entitled."[1]

"[A] court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *University of South Alabama,* 168 F.3d 405, 410 (11th Cir. 1999). Such an inquiry is mandated, at least in part, because the removal of actions instituted in a state court to a federal forum implicates fundamental concerns of state sovereignty and federalism. Moreover, as one distinguished commentator has observed, removal "is quite an anomalous jurisdiction, giving *a defendant*, sued in a court of competent jurisdiction, the right to elect a forum of its own choosing." Charles Alan Wright, *The Law of Federal Courts* § 38, at 223 (5th ed. 1994) (emphasis supplied).

A removing defendant bears the burden of proving that federal jurisdiction exists. *See, e.g., Leonard v. Enterprise Rent A Car,* 279 F.3d 967, 972 (11th Cir. 2002); *Williams v. Best Buy Co.,* 269 F.3d 1316, 1319-20 (11th Cir. 2001)); *Kirkland v. Midland Mortgage Co.,* 243 F.3d 1277, 1281 n.5 (11th Cir. 2001) ("[T]he burden is on the party who sought removal to demonstrate that federal jurisdiction exists.") (citing *Tapscott v. MS Dealer Service Corp.,* 77 F.3d 1353, 1356 (11th Cir. 1996), *overruled on other grounds by Cohen v. Office Depot, Inc.,* 204 F.3d 1069 (11th Cir. 2000)).

When a plaintiff "fails to specify *the total amount* of damages demanded" in a state

---

[1] State court complaint, appended to doc. no. 1 (Notice of Removal).

court complaint — either by demanding a specific sum in compensatory damages, but an indefinite amount as punitive damages, or by not designating any amounts at all (*e.g.*, "compensatory and punitive damages in such amounts as the jury may award") — then "a defendant seeking removal based on diversity jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the $75,000 jurisdictional requirement." *Leonard v. Enterprise Rent A Car*, 279 F.3d 967, 972 (11th Cir. 2002) (emphasis supplied) (citing *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1356-57 (11th Cir. 1996) ("[W]here a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the [$75,000] jurisdictional requirement."), *overruled on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000)).[2]

The ambiguity of the total amount demanded as damages in a state court action assumes a paramount importance in removal proceedings, because the jurisdiction of federal courts is limited: district courts have only the power to hear and determine those cases and controversies authorized by the Constitution or Congress. *See, e.g., Kokkonen v. Guardian Life Insurance Company of America*, 511 U.S. 375, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* at 377, 114 S. Ct.

---

[2] *See also, e.g., Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319-20 (11th Cir. 2001); *Kirkland v. Midland Mortgage Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001); *Fuller v. Exxon Corp.*, 78 F. Supp. 2d 1289, 1298 (S.D. Ala. 1999); *Employers Mutual Casualty Co.*, 76 F. Supp. 2d at 1259-60; *Lowe's OK'd Used Cars, Inc.*, 995 F. Supp. at 1389; *Bolling v. Union National Life Insurance Co.*, 900 F. Supp. 400, 404 (M.D. Ala. 1995) (relying on decisions from the Fifth, Sixth and Ninth Circuits).

at 1675 (citation omitted); *see also Tapscott,* 77 F.3d at 1356.

In light of such principles, the Eleventh Circuit favors remand when removal jurisdiction is not absolutely clear. In essence, "removal statutes are to be strictly construed, with all doubts resolved in favor of remand." *Lowe's OK'd Used Cars, Inc. v. Acceptance Insurance Co.,* 995 F. Supp. 1388, 1389 (M.D. Ala. 1998) (citing *Diaz v. Sheppard,* 85 F.3d 1502, 1505 (11th Cir. 1996)); *see also Burns v. Windsor Insurance Co.,* 31 F.3d 1092, 1095 (11th Cir. 1994).

In support of the notice of removal, defendant states that "[a]lthough Plaintiff's Complaint does not specifically plead an amount exceeding Seventy-Five Thousand Dollars ($75,000.00), Defendant avers that the amount in controversy exceeds the sum or value of Seventy-Five Thousand dollars ($75,000.00) exclusive of interest and costs."[3] Defendant further states that "the extent of the Plaintiff's medical injuries and medical expenses are unknown at this time,"[4] damages for pain and suffering and for mental anguish and emotional distress are to be determined by the jury, and punitive damages may be imposed on defendant if plaintiff prevails in her claim based upon the Alabama Extended Manufacturer's Liability Doctrine.[5]

Here, defendant has offered only conclusory allegations that the amount in controversy in this action exceeds $75,000. Unsupported assumptions and conclusory allegations or assertions in the notice of removal that the jurisdictional amount is satisfied, "without setting forth

---

[3] Doc. no. 1 (Notice of Removal) ¶ 8.

[4] *Id.*

[5] It is not entirely clear that plaintiff seeks punitive damages. Under Alabama law, punitive damages need not be specifically claimed in the complaint, "where the complaint describes an act justifying such damages." Jenelle Mims Marsh & Charles W. Gamble, *Alabama Law of Damages* § 4-8, at 39 (1999). The complaint does not, however, contain a count for willful or wanton injuries, or otherwise allege such conduct. *See id.*

the underlying facts supporting such an assertion, [are] insufficient to meet the defendant's burden." *Leonard v. Enterprise Rent-A-Car*, 279 F.3d 967, 972 (11th Cir. 2002) (quoting *Williams*, 269 F.3d at 1319-20 (in turn citing *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir.1995); *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995); *Gaus v. Miles*, 980 F.2d 564, 567 (9th Cir.1992)); *see also Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1097 (11th Cir.1994) (concluding that removing defendant did not meet burden of proving amount in controversy where it offered "nothing more than conclusory allegations"); *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 255 (5th Cir.1961) (stating that removing defendant must make "affirmative showing . . . of all the requisite factors of diversity jurisdiction").[6]

The Supreme Court announced this principle in *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 56 S. Ct. 780, 80 L. Ed. 1135 (1936), holding that the party invoking federal jurisdiction must allege facts essential to show jurisdiction, and, that the district court may demand evidence supporting such allegations of fact.

> The authority which the statute vests in the court to enforce the limitations of its jurisdiction *precludes the idea that jurisdiction may be maintained by mere averment* or that the party asserting jurisdiction may be relieved of his burden by any formal procedure. If his allegations of jurisdictional facts are challenged by his adversary in any appropriate manner, he must support them by competent proof. *And where they are not so challenged the court may still insist that the jurisdictional facts be established or the case be dismissed, and for that purpose the court may demand that the party alleging jurisdiction justify his allegations by a preponderance of evidence.*

*Id.* at 189, 56 S. Ct. at 785 (emphasis supplied).

Therefore, in accordance with the accompanying order, the parties shall be directed to conduct discovery forthwith on the issues of medical expenses incurred, and the categories and

---

[6]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

amounts of damages sought by plaintiff, so that an evaluation of the court's jurisdiction may be undertaken.

Defendant's final argument supporting removal is as follows:

> In addition to this lawsuit, Mrs. Carter's husband and mother-in-law (Thomas and Buena Faye Smith)[7] have filed an analogous lawsuit against [defendant] arising out of the same nucleus of operative facts. Because the two suits are identical, the Defendant has filed a Motion to Consolidate the suits in this Court contemporaneously with this Notice of Removal. Therefore, any damages claimed by the Smith's [sic] in their lawsuit against [Defendant] can be added to Mrs. Carter's claims for purposes of assessing whether the amount in controversy in this matter exceeds the Seventy-Five Thousand Dollar ($75,000.00) threshold required for jurisdiction in this Court.[8]

This argument is completely unpersuasive. First, "[j]urisdictional facts are assessed on the basis of plaintiff's complaint *as of the time of removal*." *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1097 n.13 (11th Cir. 1994) (emphasis in original) (citations omitted). Therefore, any post-removal consolidation of this case with the other referenced action would have no bearing on the court's jurisdiction. Second, it is well settled that each plaintiff individually must meet the jurisdictional threshold. *See Snyder v. Harris,* 394 U.S. 332, 335, 89 S. Ct. 1053, 1056, 22 L. Ed. 2d 319 (1969) ("the separate and distinct claims of two or more plaintiffs cannot be aggregated in order to satisfy the jurisdictional amount requirement.").

A separate order will be entered contemporaneously herewith.

DONE this  5th  day of November, 2003.

_____
United States District Judge

---

[7]That case is styled *Thomas Smith and Buena Faye Smith v. Management Resources Company, LLC d/b/a Taco Bell Restaurant*, No. CV-03-S-2848-NE (filed Oct. 21, 2003), and also is assigned to the undersigned.

[8]Doc. no. 1 (Notice of Removal) ¶ 15.