UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED
03 DEC -8 PM 2:01
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| CHARLOTTE V. CARTER, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Civil Action No. CV-03-S-2849-NE |
| MANAGEMENT RESOURCES COMPANY, LLC, d/b/a TACO BELL RESTAURANT, | ) ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This court entered an order on November 6, 2003, directing the parties to conduct discovery on the issues of medical expenses incurred by plaintiff, and the categories and amounts of damages sought by plaintiff, in order to determine whether the requisite jurisdictional amount in controversy had been satisfied.[1] Rather than proceeding to discovery, however, plaintiff filed a "stay of discovery and motion to remand,"[2] asserting, in essence, that this court lacks jurisdiction to determine whether it has subject matter jurisdiction over this action, which defendant removed from state court.

Plaintiff's assertion lacks merit. With respect to assessing removal jurisdiction, "[w]hile it is undoubtedly best to include all relevant evidence in the petition for removal and motion to remand, there is no good reason to keep a district court from eliciting or reviewing evidence outside the removal petition." *Sierminski v. Transouth Financial Corp.*, 216 F.3d

---

[1] Doc. no. 5.
[2] Doc. no. 6.

#9

945, 949 (11th Cir. 2000).

Even so, upon review of plaintiff's motion to remand and the exhibits thereto, the court has determined that the motion should be granted.

Plaintiff did not specify the total amount of damages sought in her state court complaint. Thus, defendant must show, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional amount of $75,000, exclusive of interest and costs. See *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1356-57 (11th Cir. 1996), *overruled on other grounds by Office Depot v. Cohen*, 204 F.3d 1069 (11th Cir. 2000). Defendant has not submitted any evidence that the requisite jurisdictional amount has been satisfied. In contrast, plaintiff has appended a copy of a demand letter sent to defendant on December 16, 2002, approximately nine months prior to institution of the state court action, advising defendant that plaintiff's medical expenses totaled $1,438.38, and offering to settle her claim for $8,650.00.

"There is no question that the court may consider the settlement offer in determining whether the case should be remanded." *Progressive Specialty Insurance Co. v. Nobles*, 928 F. Supp. 1096, 1098 (M.D. Ala. 1996) (citing *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994)). Even assuming that plaintiff's settlement demand is substantially less than she would expect to recover at trial, and was made in order to obtain immediate payment and avoid the expenses of litigation, the amount of damages at issue does not begin to approach this court's jurisdictional threshold. Because no contradictory evidence has been

offered, the court concludes that defendant has failed to meet its burden to establish by a preponderance of the evidence that the requisite jurisdictional amount has been satisfied.

In view of the foregoing, the court concludes that this action is due to be remanded to state court. A separate order consistent with this memorandum opinion will be entered contemporaneously herewith.

DONE this 8th day of December, 2003.

_____
United States District Judge